Chief Justice Robertsou,
delivered the opinion of the court.
A fi ri facias in favor of the plaintiffs against the defendants, was levied on the land of the defendants. The entire tract was sold, and one of the plaintiffs was the purchaser at the price of $50, which was less than the amount of the execution. The land was hot valued prior to the sale, but was valued shortly afterwards at $375, and the valuation was endorsed on, and returned with the execution.
On the motion of the defendants, the circuit court quashed the sale, the sale bond and the execution, wbich issued thereon, because the land had not been valued before it was sold.
The act of 1828 (Session acts 150-60) does not expressly require the valuation to be made prior to the sale; and the 29th section of the act directs that, when less than an entire tract shall have been sold, the quantity sold shall be valued after the sale, and the valuation returned with the execution.
The object of assessment, is to secure to the owner the right of redemption. If his land shall not have brought two thirds of its assessed value, he may redeem it by paying the price for which it was sold and ten por cent, thereon, within a year succeeding the sale. Hence, the statute requires the sheriff to return the valuation with the execution, so that the owner may know whether or not he may redeem, and that *297 Ac may do so without difficulty. It cannot, therefore, be material to him whether the assessment had been made before or after the sale. The valuation having been made and endorsed prior to the return of, the ecution, his right to redeem was secured.
tionprSr'to" a valuation of **>' invalid, .vLi^d shortly afterwards, and' the valued'onancfre-" turned with the exeyution‘
Whether tm omission to mrnany valuationof SÓW u.h‘ toukVinvah” date t he sale, ?«««” Mission to” make or re-tum-valuationofJand sold* under execution {heright of redemption the in equity, ?
But not only does not the act of 1828 require an assessment to be made prior to the sale, but the 27th and 29th sections taken together, authorize the inference that the legislature did not intend to require such precedent valuation. If the 27th section should be so construed as to require a valuation prior to the sale, then, unless an entire tract of land shall have been sold, another assessment of the fraction -sold, will become necessary after the sale. Two assessments would be unnecessary and inconvenient; and therefore, interpreting the two sections according to their letter, policy and spirit, we cannot resist the ■conclusion that the valuation and return in this cas'e were legal and sufficient. The defendants had no right ■to complain of injury or injustice. By tendering $¡50 with ten per cent, upon it, in proper time, they could have redeemed the land. Whether they yet have any right of redemption legal or equitable, we need not ■intimate. They had no right to a quashal of the sale, nor of the sale bond. The sale was legal, and vested the title in the purchaser. ’
As the sale was good, although no valuation was made prior thereto, and as we are of opinion that the subsequent valuation and return secured the right redemption, it is not necessary here to decide whether or not an omission to make or return any assessment would have re-acted so as to inválidate the sále; nor whether or not such omission would affect the right of redemption, or deprive the owner of a right to be re- ‘ lieved in equity.
The valuation would be beneficial to tlie owner. He has the right to choose an appraisor. The right to redeem exists, unless the purchaser shall have given ■two-thirds of the value of the land. But as the effect of a failure to have any assessment'made, is not. sented necessarily in this case, we shall not ■ er it.
Allan and Simpson, for plaintiffs; Hanson, for defendants.
Judgment reversed, and cause remanded with instructions to dismiss the motion.